## EDINBURGH-AMERICAN LAND MORTGAGE CO., Limited, v. NOONAN, *et al.*

A foreign mortgage company had made in 10 years loans aggregating more than $200,000, through an agent having full authority to accept or reject loans, draw and record papers, pay over money to mortgagors, and collect the interest and principal as they matured. No payments were made to any one else, and the satisfactions were sent to the agent for delivery to the mortgagor on payment or renewal. Only one mortgage was given in each instance, and the agent's commissions were paid out of interest collected on coupons. The name of the agent was printed in bold type on the face of all notes taken, and when paid the notes were cancelled by him. *Held*, that a payment in full to such agent by a mortgagor to whom notice of termination of the agency had not been communicated operated as a satisfaction of the mortgage.

(Opinion filed August 31, 1898.)

Appeal from circuit court, Yankton county. Hon. E. G. SMITH, Judge.

Action by the Edinburgh-American Land Mortgage Company, Limited, against Bridget Noonan, Michael Noonan, J. H. Queal & Co., a corporation duly organized and existing under the laws of the state of Minnesota, H. S. Gamble, and the Leavitt & Johnson Trust Company, a corporation duly organized and existing under the laws of the state of Iowa, to foreclose a mortgage. From a judgment dismissing complaint, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*French & Orvis,* for appellant.

*C. J. B. Harris,* and *Gamble & Dillon,* for respondent.

FULLER, J. The trial court found that the mortgage to foreclose, which this action was brought had been fully paid

on the 10th day of October 1892, by Bridget Noonan and Michael Noonan, mortgagors, to George R. Scougal & Co., bankers and authorized agents of the mortgagee.   From a judgment accordingly entered dismissing its complaint, plaintiff appeals to this court.

By properly admitted and practically uncontradicted testimony, too voluminous to warrant repetition, payment of the entire mortgage indebtedness to Scougal & Co. stands proved, and among the facts from which the court determined that such payment bound appellant are the following:  During a period of 10 consecutive years immediately preceding the 10th day of October, 1892, George R. Scougal as the manager of the bank, had negotiated for appellant about 700 loans, aggregating more than $200,000, secured by mortgages on real property situated in this state and Nebraska, all of which, including interest coupons, were made payable to the order of appellant at its principal American agency in the city of New York.   All the usual and necessary printed forms, including mortgage satisfaction blanks, were furnished by appellant to Scougal & Co., who alone considered applications, with full authority to accept or reject loans, draw and record papers, pay over money to mortgagors, and collect the interest and principal as fast as the same matured.   The loan in question was thus made, and all payments of interest coupons, as well as the principal sum, were made to Scougal, or the bank of which he was general manager. There is nothing to indicate that any payments were ever made to any one else, and it clearly appears that the entire business was to a great extent left to the discretion of Scougal, and conducted in conformity with his views.   He appointed persons to report prospective borrowers, procured and passed upon ab-

stracts of title, paid all expenses, including fees for recording instruments, and at stated intervals forwarded the same to appellant's home office in Edinburgh, Scotland. In each instance but one mortgage was taken, and, aggreeably to an apparent arrangement between the parties as to the agent's full compensation for all services rendered with reference to the loan, appellant would frequently detach maturing coupons from the principal note, and forward the same to Scougal & Co., who would, when collections were made, retain a certain per cent. of the interest, and credit appellant with the balance upon the books of the bank, to be remitted as per monthly statements. When a mortgagor would indicate an intention to pay the principal at maturity or at a specified time thereafter, or when he was allowed to renew his loan, appellant when so advised, would execute a satisfaction of the mortgage, and forward the same to Scougal & Co., to be delivered to the mortgagor if he discharged his debt, and to be returned to appellant if he failed in that particular. Some of the mortgages were foreclosed under the direction of Scougal & Co., who would attend the sale, and in the name of appellant, purchase the property. The name of the banking firm of which Scougal was manager, appears in bold type at the head of the note to secure which this mortgage was given, and likewise upon other notes of these mortgagors to appellant representing the interest upon the principal sum, which was, under the direction of appellant, collected by Scougal, who, in the name of his firm, cancelled such notes by stamping the same "Paid." It clearly appears from an extensive correspondence between the parties, covering a period of about 10 years, that Scougal & Co. were fully authorized to loan appellant's money, collect both interest

and principal, pay taxes, foreclose mortgages, and negotiate sales of land. If, as claimed, such authority was withdrawn a short time before the Noonans paid the full amount secured by this mortgage, the fact was unknown to them; and in view of all the facts and circumstances, a further statement of which is unnecessary, the trial court rightfully found that the mortgage indebtedness was wholly satisfied by payment in full to the duly authorized agent of appellant. The judgment appealed from is affirmed.